**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BESTHERB, INC. | **CIVIL ACTION** |
| Plaintiff, | **Case No.:** |
| v. | |
| YINLINK INTERNATIONAL INC., EDISON YIN | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff BESTHERB, INC. on behalf itself, by and through its undersigned counsel, by way of Complaint against Defendants YINLINK INTERNATIONAL INC. and EDISON YIN (collectively, "Defendants"), state as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a corporation of the State of California with its offices located in Chino Hills, CA.

2. Defendant Yinlink International Inc. (hereinafter, "Yinlink") is a domestic corporation of the State of New Jersey with its corporate offices located in Cranbury, NJ.

3. Defendant Edison Yin (hereinafter, "Yin") is a resident of the State of New Jersey.

4. Defendants owe Plaintiff no less than $713,500.00, exclusive of import duties, interest and other costs.

5. This Court has jurisdiction over this action under 28 U.S.C. §1332 as a matter in controversy between citizens of the State of California and the State of New Jersey and with an amount in controversy exceeding $75,000, exclusive of interest and costs.

6. Defendant issued purchase orders from its offices in New Jersey and accepted delivery of the products at issue from Plaintiff.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendant's business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

8. Plaintiff is a company selling herbal extract products in Chino Hills, CA.

9. Defendant Yinlink is a company doing business distributing natural ingredients located in Cranbury, NJ.

10. Defendant Yin is the president and the chief executive officer of Yinlink.

11. In 2021, Defendants issued four purchase orders to Plaintiff, in a total amount of $763,500.00.

12. Plaintiff then shipped the products to Defendant.

13. Defendants have failed to make any payments in connection with Plaintiff's shipments, except only $50,000 in December 2021.

14. The outstanding balance for the herbal extract products delivered, but not paid for, is $713,500.00, exclusive of interest and incidental expenses.

15. Plaintiff has made multiple attempts to contact Defendants with respect to the outstanding balance.

16. However, Defendants have refused to pay the money owed to Plaintiff.

17. On or about July 14, 2022, Yin told Plaintiff that Defendants' bank would need some sort of proof showing a normal business relationship existed between Plaintiff and Defendants, and asked Plaintiff to make a purchase order of $34,500 from Yinlink, so that Defendants' bank could pay the money owed to Plaintiff.

18. On or about August 5, 2022, relying on Yin's statement, Plaintiff made the purchase order and paid Yinlink $34,500.

19. However, Defendants never paid any money to Plaintiff after they received the $34,500 from Plaintiff.

20. Defendants further promised to return the money to Plaintiff after Plaintiff cancelled the purchase order.

21. However, Defendants never returned such money.

22. For the purposes of defrauding Plaintiff for more money, Yin intentionally made up a story about Defendants' bank would need certain proof.

23. Yin also intentionally lied to Plaintiff that Defendants would return the $34,500 after Plaintiff cancelled the purchase order.

24. Plaintiff reasonably relied on Yin's misrepresentations and suffered damages.

## COUNT I
**Breach of Contract**

25. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

26. Defendant Yinlink's purchase orders, and Plaintiff's acceptance of those orders, resulted in binding contractual agreements.

27. The herbal extract products sold by Plaintiff and tendered to Defendant Yinlink conformed to their orders.

28. Defendant Yinlink accepted the herbal extract products tendered by Plaintiff without exception.

29. Defendant Yinlink failed to pay Plaintiff the invoiced amount for the herbal extract products.

30. Plaintiff is entitled to the invoiced amount for the herbal extract products, as well as incidental expenses incurred by it.

31. The outstanding balance for the herbal extract products delivered is $713,500.00, exclusive of interest and incidental expenses.

## COUNT II
### Unjust Enrichment

32. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

33. As a result of the aforementioned misconduct, Defendant Yinlink has been unjustly enriched in connection with the receipt of money or property at the expense of Plaintiff.

## COUNT III
### Conversion

34. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

35. Defendant Yinlink intentionally interfered with Plaintiff's right of possession of the herbal extract products.

36. By reason of the foregoing, Defendant Yinlink have incurred, and will continue to incur, damages to Plaintiff.

## COUNT IV
### Account Stated

37. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

38. The outstanding balance of herbal extract products, as presented from the agreements between Plaintiff and Defendant Yinlink, was accepted as correct.

39. Defendant Yinlink have promised to pay the amount stated by issuing purchase orders and accepting the socks shipped from Plaintiff.

40. Defendant Yinlink intentionally refused to pay the outstanding balance of $713,500.00.

41. By reason of the foregoing, Defendant Yinlink has failed to meet the promise to pay the stated sum of money which the parties had agreed upon as the amount due.

## COUNT V
### Fraud

42. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

43. Defendants are liable for fraud pursuant to common law in New Jersey.

44. Defendants misrepresented a material fact by asking Plaintiff to place an order in an amount of $34,500, in order to show certain proof to Defendants' bank that the Parties have normal business relationship, so that Defendants' bank could pay the money owed to Plaintiff.

45. Defendants had no intention to pay any money owed to Plaintiff.

46. Defendants knew this material fact was false because they made up a story about the need for plaintiff to order products worth of $34,500, so as to resolve the debt at issue.

47. Plaintiff reasonably relied on the Defendants' misrepresentations.

48. Defendants also misrepresented a material fact to Plaintiff by promising to return the $34,500 after Plaintiff cancelled the purchase order.

49. Defendants had no intention to return the money to Plaintiff.

50. Defendants knew this material fact was false because they misled Plaintiff to make and cancel the purchase order.

51. Plaintiff reasonably relied on the Defendants' misrepresentations.

52. Plaintiff sustained damages as a result of Defendants' actions.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Judgment in the amount to be determined at trial;

B. Compensatory damages;

C. Consequential damages;

D. Restitution damages;

E. Punitive damages;

F. Costs, disbursements, reasonable attorney's fees, and pre-judgment and post-judgment interest; and

G. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Date: November 9, 2022

               **WANG, GAO & ASSOCIATES, P.C.**
               *Attorneys for Plaintiff*

               */s Heng Wang*
               By: Heng Wang, Esq.
               36 Bridge Street
               Metuchen, NJ 08840
               Tel: (732) 767-3020
               Fax: (732) 343-6880
               heng.wang@wanggaolaw.com