NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BESTHERB, INC.,<br><br>              Plaintiff,<br><br>  v.<br><br>YINLINK INTERNATIONAL INC. and EDISON YIN a/k/a PENGFEI YIN,<br><br>              Defendants. | Civil Action No. 22-06548 (GC) (JBD)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendants Yinlink International Inc. and Edison Yin's joint Motion to Dismiss, in part, the Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 9(b). (ECF No. 12.) Plaintiff Bestherb, Inc., opposed, and Defendants replied. (ECF Nos. 14 & 15.) The Court carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED** in part and **DENIED** in part. Specifically, Count Five for fraud will be dismissed without prejudice. Plaintiff will be given thirty days to file a further amended complaint.

**I.    BACKGROUND**

    **A.  Factual Background**

This matter involves common-law claims alleging that Defendant Yinlink International Inc. failed to pay $713,500.00 for unidentified herbal extract products that were purchased from Plaintiff Bestherb, Inc., and Yinlink and Defendant Edison Yin then defrauded Plaintiff out of

$34,500.00 when Plaintiff sought to collect.[1]  Plaintiff asserts five counts in the Amended Complaint.  The first four counts are against Yinlink and the fifth count is against both Yinlink and Yin: Count One for breach of contract, Count Two for unjust enrichment, Count Three for conversion, Count Four for account stated, and Count Five for fraud.[2]  (ECF No. 9 ¶¶ 25-51.)

Bestherb is a California company that sells herbal extract products.  (*Id.* ¶¶ 1, 8.)  Yinlink International is a New Jersey company that distributes natural ingredients.  (*Id.* ¶¶ 2, 9.)  Yin, a New Jersey resident, is the president and chief executive officer of Yinlink.  (*Id.* ¶¶ 3, 10.)

In 2021, Defendants issued four purchase orders for herbal extract products to Plaintiff in the total amount of $763,500.00.  (*Id.* ¶ 11.)  Plaintiff then shipped the products to Defendants.  (*Id.* ¶ 12.)  Defendants made one $50,000.00 payment in December 2021, but they did not make any additional payments toward the outstanding balance of $713,500.00.  (*Id.* ¶¶ 13-14.)  Despite Plaintiff's multiple attempts to contact Defendants, Defendants refused to pay the money owed.  (*Id.* ¶¶ 15-16.)

On or about July 14, 2022, Yin informed Plaintiff that "Defendants' bank would need some sort of proof showing a normal business relationship existed between Plaintiff and Defendants." (*Id.* ¶ 17.)  Yin "asked Plaintiff to make a purchase order of $34,500.00 from Yinlink, so that Defendants' bank could pay the money owed to Plaintiff."  (*Id.*)  In response, on or about August 5, 2022, Plaintiff placed a "purchase order and paid Yinlink $34,500."  (*Id.* ¶ 18.)  Nevertheless, Defendants did not pay "any money to Plaintiff after they received the $34,500 from Plaintiff."

---

[1]   The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

[2]   The first four counts do not reference Yin and appear to be asserted solely against Yinlink. (ECF No. 9 ¶¶ 25-41.)  In their moving brief, Defendants note that "only the fifth and final cause of action . . . is . . . asserted against Mr. Yin."  (ECF No. 12-1 at 8-9.)  Plaintiff does not dispute this characterization in opposition.  (*See generally* ECF No. 14.)

(*Id.* ¶ 19.)   Defendants also did not return the $34,500.00 despite informing "Plaintiff that Defendants would return the $34,500 after Plaintiff cancelled the purchase order." (*Id.* ¶ 23.)

### B. Procedural Background

On November 9, 2022, Plaintiff filed the original Complaint against Defendants. (ECF No. 1.) Then, on March 29, 2023, Plaintiff filed the Amended Complaint with the Court's permission. (ECF Nos. 7 & 9.)

On June 23, 2023, Defendants moved to dismiss, in part, the Amended Complaint under Rules 12(b)(6) and 9(b).[3] (ECF No. 12.) Plaintiff opposed, and Defendants replied. (ECF Nos. 14 & 15.) The case was reassigned to the undersigned on July 10, 2024. (ECF No. 16.)

## II.   LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The

---

[3]   Defendants do not move to dismiss the breach of contract claim in Count One.

defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

When claims sound in fraud, plaintiffs "must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." *Burns v. Stratos*, 2023 WL 4014474, at *2 n.3 (3d Cir. June 15, 2023) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ."). This ordinarily requires "[a] plaintiff alleging fraud . . . [to] support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)); *accord Frederico*, 507 F.3d at 200 ("To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."). "Rule 9(b)'s 'normally rigorous particularity rule has been relaxed somewhat where the factual information is particularly within the defendant's knowledge or control.' But even if a relaxed application of Rule 9(b) were warranted . . . , [a plaintiff] would still need to allege facts demonstrating that his [or her] fraud claims are plausible." *Tripati v. Wexford Health Sources Inc.*, 2022 WL 17690156, at *2 n.3 (3d Cir. Dec. 15, 2022) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)).

### III.   DISCUSSION

#### A.   COUNT TWO—UNJUST ENRICHMENT

Under New Jersey law,[4] "[t]o establish unjust enrichment, [a] plaintiff must show that it expected remuneration from defendant at the time it performed or conferred a benefit on defendant and that the retention of that benefit without payment would be unjust." *Woodlands Cmty. Ass'n, Inc. v. Mitchell*, 162 A.3d 306, 310 (N.J. Super. Ct. App. Div. 2017).

Defendants argue that the unjust enrichment claim in this case should be dismissed because "Plaintiff asserts the existence of an express contract and the alleged breach thereof," and unjust enrichment claims cannot be maintained where an express contract exists concerning the same subject matter. (ECF No. 12-1 at 13-15.[5]) Plaintiff does not dispute Defendants' premise, but it argues that while the contract claim in Count One is based on the express contract for the $713,500.00 allegedly owed from the sale of herbal extract products in 2021, the unjust enrichment claim is based on the $34,500.00 Plaintiff paid Yinlink in August 2022 and the expectation that Defendants would either pay a larger sum or return the $34,500.00 once the transaction was cancelled. (ECF No. 14 at 3-4.) In reply, Defendants argue that an unjust enrichment claim premised on the $34,500.00 paid by Plaintiff in August 2022 should be dismissed because it also "relates to an express contract." (ECF No. 15 at 6-8.) Defendants posit that Plaintiff only paid the $34,500.00 "in connection with seeking payment as to $713,500 allegedly owed on four purchase orders" that are governed by express contracts. (*Id.* at 7-8.)

---

[4]   The parties brief the common-law claims under New Jersey law and do not dispute its application. Therefore, this Court sitting in diversity will apply New Jersey law to the claims for purposes of the present motion to dismiss. *See Samra Plastic & Reconstructive Surgery v. Cigna Health & Life Ins. Co.*, Civ. No. 23-22521, 2024 WL 3444273, at *5 n.9 (D.N.J. July 17, 2024).

[5]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

The Court will deny Defendants' motion to dismiss the unjust enrichment claim at this time. Although "[p]ursuant to New Jersey law, recovery under unjust enrichment 'may not be had when a valid, unrescinded contract governs the rights of the parties,'" courts have permitted unjust enrichment claims to be pled in the alternative where, for example, the validity of the contract is called into question. *Atlantic Subsea, Inc. v. Northern Divers USA, Inc.*, Civ. No. 23-198, 2024 WL 3549059, at *6 (D.N.J. July 26, 2024) (citations omitted); *see also Atl. Plastic & Hand Surgery, P.A. v. Meritain Health, Inc.*, Civ. No. 23-22455, 2024 WL 3456111, at *3 n.10 (D.N.J. July 18, 2024) ("While it is true that Atlantic cannot collect damages for breach of contract and recover the same damages on a quasi-contract theory such as promissory estoppel or unjust enrichment, federal courts applying New Jersey law have generally declined to dismiss quasi-contract claims that are pleaded along with express contract claims because Rule 8 permits alternative pleading.").

Here, the parties appear to agree that the $713,500.00 that Plaintiff alleges it is owed for the sale of herbal extract products is governed by express contracts. The parties disagree, however, as to whether the $34,500.00 allegedly paid in August 2022 is governed by express contracts. Pre-discovery and based on the complaint alone, the Court finds that it is appropriate to allow the unjust enrichment claim to be pled in the alternative pending the development of a fuller factual record. The Court is unable to determine on the present record if the $34,500.00 allegedly owed is encompassed by one of the alleged express contracts or if Defendants' alleged failure to repay the monies enriched them "beyond [their] contractual rights." *Hughes v. Panasonic Consumer Elecs. Co.*, Civ. No. 10-846, 2011 WL 2976839, at *26 (D.N.J. July 21, 2011) (quoting *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994)). This issue may be revisited at a later stage in the litigation. The Court notes that Plaintiff will not be able to recover on more than one theory for the same claim and discovery on the unjust enrichment claim will largely mirror discovery on

the contract claim. *See, e.g.*, *Atl. Plastic & Hand Surgery, P.A.*, 2024 WL 3456111, at *3 n.10 ("This Court . . . finds that Atlantic may simultaneously plead breach of contract, promissory estoppel, and unjust enrichment. Atlantic just cannot, in the end, collect on all three theories."). Accordingly, the motion to dismiss Count Two is denied without prejudice.

### B. COUNT THREE—CONVERSION

"Conversion is the 'wrongful exercise of dominion or control over property of another without authorization and to the exclusion of the owner's rights in that property.'" *United Cap. Funding Grp., LLC v. Remarkable Foods, LLC*, Civ. No. 21-3291, 2023 WL 5722910, at *4 (D.N.J. Sept. 5, 2023) (quoting *City of Atl. City v. Zemurray St. Cap., LLC*, Civ. No. 14-5169, 2017 WL 6638203, at *17 (D.N.J. Dec. 29, 2017)). Under New Jersey law, "the elements of conversion are '(1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant.'" *Id.* (quoting *City of Atl. City*, 2017 WL 6638203, at *17).

Defendants argue that the conversion claim fails because there is no independent duty in tort where, as here, Defendants are merely liable for alleged unpaid debts resulting from a commercial transaction. (ECF No. 12-1 at 16-19.) In response, Plaintiff argues that it should be permitted to maintain a conversion claim based on Defendants' interference with Plaintiff's right to possess the herbal extract products that Defendants did not pay for in 2021 as well as for Defendants' failure to repay the $34,500.00 obtained in 2022. (ECF No. 14 at 4-5.)

New Jersey's courts have long recognized that a claim for conversion "does not lie for collection of a mere debt." *Future Care Consultants, LLC v. M.D.*, 2019 WL 2896219, at *3 (N.J. Super. Ct. App. Div. July 5, 2019). Indeed, "[t]o avoid transforming a breach of contract into an act of conversion," New Jersey's courts have held that "'[i]t is essential that the money converted by a tortfeasor must have belonged to the injured party. . . . Where there is no obligation to return

7

the identical money, but only a relationship of a debtor and creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor.'" *Bondi v. Citigroup, Inc.*, 32 A.3d 1158, 1190 (N.J. Super. Ct. App. Div. 2011) (quoting *Advanced Enterprises Recycling, Inc. v. Bercaw*, 869 A.2d 468, 472 (N.J. Super. Ct. App. Div. 2005)).

Here, after careful review, the Court agrees with Defendants that a conversion claim cannot lie for Defendants' purchase of herbal extract products in 2021. According to Plaintiff's allegations, Defendants placed four purchase orders totaling $763,500.00 and then, in December 2021, Defendants made one $50,000.00 payment but no more. Plaintiff sues for the outstanding amount of $713,500.00. This is a traditional contract claim, and the debt does not give rise to conversion. *See Dougherty v. Drew Univ.*, 534 F. Supp. 3d 363, 380 (D.N.J. 2021) ("A claim for conversion thus must be distinguished from a debt, or a claim that one is owed money as the result of a breach of contract.").

In contrast, the Court finds that Plaintiff has pled enough for the conversion claim to proceed as to the $34,500.00 that Plaintiff allegedly gave to Defendants in August 2022. According to Plaintiff's allegations, Defendants induced Plaintiff to provide $34,500.00 merely to obtain "some sort of proof showing a normal business relationship existed between Plaintiff and Defendants." (ECF No. 9 ¶ 17.) It was Plaintiff's alleged understanding that Defendants would either pay a larger sum to Plaintiff or return the $34,500.00 when the transaction was cancelled. (*Id.* ¶¶ 19, 23.) Despite the transaction being cancelled, Defendants did not return Plaintiff's monies. The Court believes these allegations are sufficient at this stage to plausibly suggest the inference of conversion: there existed property (Plaintiff's $34,500.00), Plaintiff was entitled to possess the property when the transaction was cancelled, and Defendants wrongfully interfered with that right by failing to return the monies to Plaintiff upon demand. *See Meisels v. Fox Rothschild LLP*, 222 A.3d 649, 660 (N.J. 2020) ("[C]onversion applies to money, provided that

8

'the money ha[s] belonged to the injured party and that it be identifiable.'" (quoting *Chicago Title Ins. Co. v. Ellis*, 978 A.2d 281, 288 (N.J. Super. Ct. App. Div. 2009))). Accordingly, the motion to dismiss Count Three is denied without prejudice.

### C. COUNT FOUR—ACCOUNT STATED

Defendants argue that Plaintiff's account stated claim should be dismissed because "New Jersey law does not recognize such a cause of action." (ECF No. 12-1 at 19-20.) However, New Jersey's courts have recognized an account stated claim as "a species of [a] contract claim."[6] *Accounteks.Net, Inc. v. CKR L., LLP*, 2023 WL 3331802, at *8 (N.J. Super. Ct. App. Div. May 9, 2023) ("An account stated claim . . . is essentially a species of contract claim, where one party's existing net monetary obligations to the other have already been reduced to a statement of account. It requires proof of the existence of a debt from a transaction or series of transactions memorialized in such a statement, mutual agreement between the debtor and creditor as to the correctness of its amount, and a promise by the debtor to pay that sum." (citations omitted)); *see also Exclusive Detailing, Inc. v. Prestige Auto Grp., LLC*, 2021 WL 6015433, at *5 (N.J. Super. Ct. App. Div. Dec. 21, 2021) ("Claims for an account stated arise when a debtor acknowledges an indebtedness to a creditor."); *Harris v. Merlino*, 61 A.2d 276, 279 (N.J. E. & A. 1948) ("It is not essential that an account stated be in any particular form. Any evidence indicating an admission by the debtor to the creditor of a stated indebtedness claimed by the latter will furnish ground for implying a

---

[6] The only case cited by Defendants for the argument that account stated is not recognized under New Jersey law is *Giovinazzo v. Deangelo*, where the district court wrote in a footnote that the plaintiff had erroneously listed "account stated" as a "separate cause of action" when it was a "requested remed[y] for the other counts," including claims for breach of contract and unjust enrichment. Civ. No. 20-15894, 2022 WL 795713, at *2 n.2 (D.N.J. Mar. 16, 2022). The district court did not hold that an account stated could never be an independent claim; instead, under the facts in that case, the court found the claim to be duplicative.

promise to pay.  Evidence of assent to an account stated may consist of express statements or inferences from conduct.").

Courts in this District have also recognized an account stated claim under New Jersey law, noting that it is a "somewhat arcane" doctrine.  *Samra Plastic & Reconstructive Surgery v. Cigna Health & Life Ins. Co.*, Civ. No. 23-22521, 2024 WL 3444273, at *7 (D.N.J. July 17, 2024); *Bergen Plastic Surgery v. Aetna Life Ins. Co.*, Civ. No. 22-227, 2023 WL 3452633, at *4 (D.N.J. May 15, 2023) ("[A]ccount stated requires an express or implied 'admission by [a] debtor to [a] creditor of a stated indebtedness' which constitutes an implied promise to pay." (citation omitted)).

In reply, Defendants argue that in this case the claim is "simply a repurposing of [Plaintiff's] breach of contract claim and should be dismissed."  (ECF No. 15 at 11-12.)  Although there is support for "the notion that a party cannot recover both on a breach of contract claim and an account stated claim grounded in the same underlying contract," *Accounteks.Net, Inc.*, 2023 WL 3331802, at *8 n.1, the Court declines to dismiss on this basis at this time.  Defendants raised this argument for the first time on reply, and Plaintiff did not have an opportunity to address it. *See Schiffli Embroidery Workers Pension Fund v. Ryan, Beck & Co.*, 869 F. Supp. 278, 281 n.1 (D.N.J. 1994) ("This Court will not usually consider arguments raised for the first time in a reply brief . . . .").  In any event, because Defendants do not move to dismiss the contract claim, they will not be prejudiced by discovery proceeding on an account stated claim that they contend is duplicative.  Defendants may renew their challenge to the account stated claim at a later point. Accordingly, the motion to dismiss Count Four is denied without prejudice.

    **D.  COUNT FIVE—FRAUD**

In New Jersey, the five elements for common law fraud are "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the

other person; and (5) resulting damages." *Allstate New Jersey Ins. Co. v. Lajara*, 117 A.3d 1221, 1231 (N.J. 2015) (quoting *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005)). The particularity requirement of Rule 9(b) applies to fraud claims. *See Harnish v. Widener Univ. Sch. of L.*, 931 F. Supp. 2d 641, 647 (D.N.J. 2013).

Defendants argue that Plaintiff has not pled its fraud claim with sufficient particularity. (ECF No. 12-1 at 20-21.) Defendants contend that the Amended Complaint "impermissibly lumps both the corporate defendant and the individual defendant together as one," "provides scant details as to the alleged misrepresentations," "does not elaborate on what was purportedly said," and "fails to inform Defendants of the particular allegations of fraud against them." (*Id.* at 21.) Plaintiff argues that it "has pleaded more than enough to meet[] the pleading requirement for the fraud claim," including that Yin misrepresented material facts and that Plaintiff reasonably relied on those misrepresentations and suffered damages. (ECF No. 14 at 8-9.)

After careful review, the Court finds that Plaintiff has not pled the facts surrounding the alleged fraud with the requisite particularity nor has Plaintiff injected the requisite precision into the allegations as required under Rule 9(b). The United States Court of Appeals for the Third Circuit has underscored that "[i]n order to satisfy Rule 9(b), plaintiffs must plead with particularity 'the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85 (3d Cir. 2015) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004)). Plaintiffs "also must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Id.*; *see also Humana, Inc. v. Indivior, Inc.*, 2022 WL 17718342, at *3 (3d Cir. Dec. 15, 2022) ("'The purpose of Rule 9(b) is to provide notice of the "precise misconduct" with which the defendants are charged and to prevent false or unsubstantiated charges.' 'Although

Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."'" (citations omitted)).

Where plaintiffs "only vaguely allege[] who made the[] representations and when they were made,"[7] do not provide "details about 'the relationship of the parties involved and the nature of the transaction,'"[8] or "fail to allege 'the contents of . . . statements and materials' and do not 'specify when, where, or to whom any . . . [statements] w[ere] made,'"[9] the Third Circuit has found that the defendants were not adequately put on notice of the "precise misconduct" with which they were charged. *See also United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176-77 (3d Cir. 2019) ("The second amended complaint . . . go[es] into great detail about specific physicians' Work Units and pay levels. The complaint compares those figures at length with industry benchmarks, medians, and 90th percentiles. It alleges specific ways that surgeons padded their bills, by for instance falsely reporting unperformed work assisting other surgeons or physically supervising residents and interns. The complaint also quotes the government's settlement agreement, alleging specific ways that surgeons had been padding their bills. The sum total of these allegations tells a detailed story about how the defendants designed a system to reward surgeons for creating and submitting false claims. And that is particular enough to satisfy Rule 9(b)." (citation omitted)).

Here, Plaintiff alleges that "[o]n or about July 14, 2022, Yin told Plaintiff that Defendants' bank would need some sort of proof showing a normal business relationship existed between

---

[7]     *Riachi v. Prometheus Grp.*, 822 F. App'x 138, 142 (3d Cir. 2020).

[8]     *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 779 (3d Cir. 2018).

[9]     *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 86 (3d Cir. 2015).

Plaintiff and Defendants, and asked Plaintiff to make a purchase order of $34,500 from Yinlink, so that Defendants' bank could pay the money owed to Plaintiff." (ECF No. 9 ¶ 17.)  Then, "[o]n or about August 5, 2022, relying on Yin's statement, Plaintiff made the purchase order and paid Yinlink $34,500." (*Id.* ¶ 18.)  "Defendants never paid any money to Plaintiff after they received the $34,500." (*Id.* ¶ 19.)  Defendants also "never returned such money" despite "Defendants . . . promis[ing] to return the money to Plaintiff after Plaintiff canceled the purchase order." (*Id.* ¶¶ 20-21.)  Plaintiff alleges that "Yin intentionally made up a story [that] Defendants' bank would need certain proof." (*Id.* ¶ 22.)  Plaintiff also alleges that Yin "intentionally lied . . . that Defendants would return the $34,500 after Plaintiff cancelled the purchase order." (*Id.* ¶ 23.)

These allegations are not sufficiently particular.  Although Plaintiff identifies Yin as making a material misrepresentation on or about July 14, 2022, as well as the general content of the misrepresentation, Plaintiff does not identify to whom the alleged misrepresentation was made or the circumstances of the misrepresentation.  Plaintiff merely alleges that "Yin told Plaintiff."  The identity of the person(s) to whom the misrepresentation was made and the context of the misrepresentation is information that Plaintiff should possess and is necessary to determine if Plaintiff has pled reasonable reliance for fraud with particularity.  *See, e.g.*, *Shuker*, 885 F.3d at 778-79 ("Their complaint comes up short, however, because it does not plead the element of 'justifiable reliance' . . . with the particularly required for Rule 9(b). . . . [T]he complaint had to contain details about 'the relationship of the parties involved and the nature of the transaction.'" (citation omitted)); *Riachi*, 822 F. App'x at 142 ("Rule 9(b) is not satisfied where a plaintiff . . . merely lumps the who, what, when, and where together.").  Plaintiff also alleges that "Defendants" promised to return the money if the purchase order was cancelled, but Plaintiff lumps the two Defendants (an individual and a corporation) together and does not identify who made this promise, when it was made, or to whom it was made.  Although Plaintiff further alleges that Yin

13

"intentionally lied" about repaying the money after the purchase order was cancelled, Plaintiff does not allege when Yin allegedly lied, who Yin allegedly lied to, or the context of the alleged lie. Once again, this is information that Plaintiff should possess and is necessary to plead the fraud claim with particularity. Accordingly, Count Five will be dismissed without prejudice and Plaintiff given leave to amend.[10]

### E. PUNITIVE DAMAGES

Finally, Defendants argue that Plaintiff's request for punitive damages should be denied because "punitive damages are unavailable in this garden-variety contract action." (ECF No. 12-1 at 22-23.) In response, Plaintiff argues that "Yin and Yinlink perpetrated fraud against Plaintiff," and "[p]unitive damages may be available for a common law fraud claim." (ECF No. 14 at 10.)

Dismissal of a punitive damages claim is "appropriate when 'the asserted causes of action expressly bar the imposition of punitive damages.'" *Fusion Diagnostic Laboratories, LLC v. Atila Biosystems, Inc.*, Civ. No. 24-00184, 2024 WL 3024915, at *4 (D.N.J. June 17, 2024) (quoting *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 512 (D.N.J. 1999)). Generally, "'with rare exception, punitive damages are not available in an action for a breach of contract' under New Jersey law." *Id.* (quoting *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 865 (N.J. 1988)). "Any exceptions depend on the 'nature of the parties' relationship or a special duty imposed on the breaching party.'" *Id.* (quoting *Naporano Iron & Metal Co.*, 79 F. Supp. 2d at 513); *see also W.A. Wright, Inc. v. KDI Sylvan Pools, Inc.*, 746 F.2d 215, 217 (3d Cir. 1984) ("These special relationships impose a duty of trust upon the contracting entities. It is the breach of this trust, rather than the breach of the contract, which gives rise to an award of

---

[10] Because the Court dismisses the fraud claim against both Defendants without prejudice for failure to plead with requisite particularity, it does not reach Defendants' alternative argument that Yin cannot be held individually liable as a corporate officer of Yinlink. (ECF No. 12-1 at 21-22.)

punitive damages."). Here, Plaintiff has not alleged nor argued for any special duty; therefore, punitive damages are not available for the breach of contract claim. It follows that punitive damages would not be available for the unjust enrichment or account stated claims, which are species of contract claims. *See, e.g.*, *Accounteks.Net, Inc.*, 2023 WL 3331802, at *8 ("An account stated claim, meanwhile, is essentially a species of contract claim."); *Kasher L. Grp., LLC v. Ciox Health, LLC*, Civ. No. 18-01821, 2018 WL 4215004, at *7 n.7 (D.N.J. Sept. 5, 2018) ("Plaintiff's . . . unjust enrichment claims also do not support any finding of punitive damages."); *see also Ibrahim v. Wells Fargo Bank, N.A.*, Civ. No. 19-13601, 2020 WL 4251477, at *4 (D.N.J. July 24, 2020) ("In general, punitive damages are not available in connection with non-tort claims for purely economic harm."). Accordingly, punitive damages as to the contract, unjust enrichment, and account stated claims would be appropriately subject to dismissal.

Nevertheless, as to Plaintiff's conversion claim, courts have suggested that punitive damages may be available for conversion under New Jersey law "if a plaintiff adequately demonstrates 'by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.'" *Onyiuke v. Cheap Tickets, Inc.*, Civ. No. 09-891, 2009 WL 5218064, at *3 (D.N.J. Dec. 31, 2009), *aff'd*, 435 F. App'x 137 (3d Cir. 2011) (quoting N.J. Stat. Ann. § 2A:15-5.12); *see also U.S. Sewer & Drain, Inc. v. Earle Asphalt Co.*, Civ. No. 15-1461, 2015 WL 3461087, at *4 (D.N.J. June 1, 2015) ("U.S. Sewer states claims for breach of fiduciary duty and conversion against Earle. Punitive damages may be awarded for both of those causes of actions. Thus, Earle's motion will be denied on this issue." (citation omitted)). To state a claim for punitive damages based on conversion, a plaintiff must plead that a defendant "acted with actual malice, or wanton and willful disregard of persons who foreseeably might have been

harmed" and "point to . . . aggravating factors that go beyond the simple alleged conversion." *Onyiuke*, 2009 WL 5218064, at *3; *see also Sacchi v. ABC Fin. Servs., Inc.*, Civ. No. 14-1196, 2014 WL 4095009, at *5 (D.N.J. Aug. 18, 2014) ("[P]unitive damages are available under New Jersey law in conversion and fraud claims only if the plaintiff demonstrates that the defendant acted with the level of culpability required by the NJPDA."). At this stage, and with neither party having briefed whether the alleged facts surrounding the alleged conversion are sufficient to constitute actual malice or wanton and willful disregard, the Court declines to dismiss the claim for punitive damages.[11] This issue may be renewed later with the benefit of briefing. Accordingly, the motion to dismiss the claim for punitive damages is denied without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED** in part and **DENIED** in part. An appropriate Order follows.

Dated: August 22, 2024

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[11] While punitive damages may also be available for fraud, the fraud claim is dismissed without prejudice for the reasons given above. A claim for punitive damages based on alleged fraud may be renewed as part of any amended pleading.